**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **VIRGINIA BROADBAND, LLC,** | Case No. 12-62535 |
| Debtor. | |
| | |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | |
| Movant, | |
| v. | |
| **VIRGINIA BROADBAND, LLC,** | |
| Respondent. | |

**MEMORANDUM OPINION DENYING CREDITORS' COMMITTEE'S
MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**

The official committee of unsecured creditors (the "Committee") filed a motion to dismiss this chapter 11 case pursuant to 11 U.S.C. § 1112(b). The debtor, Virginia Broadband, LLC ("VABB" or "Debtor"), is a Virginia limited liability company. The Committee's motion, filed seven months after the petition date, alleges that a majority of VABB's Board did not authorize the filing of a chapter 11 petition. According to the Committee, the lack of authorization compels dismissal of the chapter 11 case. VABB filed an answer and memorandum in opposition to the Committee's motion along with an amended memorandum in opposition. Four separate creditors filed pleadings in opposition to the motion, and two appeared by counsel at the hearing and urged this Court to deny the motion.[1] The Court heard the Committee's

---

[1] *See* Response by Middleburg Bank (DE #224); Response by Tom Huggins (DE #236); Response by County of Culpepper, VA (DE #237); and Response by EVB Hearing (DE #238).

1

motion on June 17, 2013 and took the matter under advisement. Pursuant to 11 U.S.C. § 1112(b)(3), the Court was to prepare and issue a decision on the Committee's motion within fifteen days of hearing said motion. Shortly after the hearing, however, the above parties contacted the Court and requested the Court reserve judgment to allow them an opportunity to reach a compromise. During a telephone conference call on August 12, 2013, the parties informed the Court that a compromise would not be forthcoming and asked that the Court issue an opinion. The parties agreed to allow the Court thirty days to issue its decision. Based on the exhibits, arguments and statements made by the parties at the hearing on June 17, 2013, the Court makes the following findings of fact and conclusions of law.

## FACTS

The following facts are uncontested. VABB is a manger-managed limited liability company organized and existing under the laws of Virginia. Prior to the events outlined below, Warren P. Manuel ("Manuel"), Hunter Chapman, III (sometimes "Chapman"), Larry Chang ("Chang"), and Richard Smith ("Smith") served as managers on VABB's Board of Managers (the "Board"). Committee's Motion to Dismiss at ¶ 6, *In re Virginia Broadband, LLC*, No. 12-62535 (Bankr. W.D. Va. Nov. 5, 2012) ECF No. 204. Chapman was one of the larger equity holders on the Board with a 28.2317% stake in VABB. *Id.* at ¶ 5.

On August 23, 2012, Mr. Chapman filed a chapter 13 petition in the Bankruptcy Court for the Eastern District of Virginia. *Id.* at ¶ 7.

Four days later, on August 27th, a group of VABB's members[2] executed a Consent in Lieu of Member's Meeting (the "August Consent"). *Id.* at ¶ 8. The August Consent removed

---

[2] The group of members, and their respective membership interests, consisted of: Chapman (28.2317%); Robert M. Sullivan ("Sullivan") (10.0361%); Thomas Huggins ("Huggins") (10.7587%); Kenneth and Susan Payne, (1.0036%); Lawrence and Peggy Leonard (1.0036%); and Danny Atkins (1.0036%). Committee's Motion to

2

Chang and Smith from management and appointed Robert Sullivan ("Sullivan") and Thomas Huggins ("Huggins") as managers of VABB. *Id.* On that same day, the Board, based on the votes of Sullivan, Huggins, and Chapman, removed Manuel from his positions as Chief Operating Officer, Chief Executive Officer, and Chairman of the Board. *Id.* at ¶ 9.

On September 12, 2012, Chapman's chapter 13 bankruptcy was dismissed by order of the court. *Id.* at ¶ 10.

Over the course of October 27th and 28th of 2012, a group of VABB's members[3] executed a second Consent in Lieu of Member's Meeting (the "October Consent"). Debtor's Memorandum in Opposition to Committee's Motion to Dismiss at p. 3, *In re Virginia Broadband, LLC*, No. 12-62535 (Bankr. W.D. Va. Nov. 5, 2012) ECF No. 234. The October Consent ratified the August Consent and all actions taken by the Board in reliance of the August Consent. *Id.* The October Consent was made retroactively effective as of August 27, 2012. *Id.* After the October Consent was issued, Huggins resigned from his role as manager of VABB. *Id.* at p. 3, n.1.

On November 1, 2012, Sullivan and Chapman, representing two-thirds of the Board, authorized VABB to file a chapter 11 petition with this Court. *Id.* at p. 3.

## JURISDICTION

The Court has jurisdiction to hear this matter under 28 U.S.C. §§ 157 and 1334. The issue of whether a petition was validly filed with this Court is a core proceeding under 28 U.S.C. §

---

Dismiss at ¶ 5, *In re Virginia Broadband, LLC*, No. 12-62535 (Bankr. W.D. Va. Nov. 5, 2012) ECF No. 204. Collectively, the group of members holds a 52.0373% interest in VABB.

[3] The group of members, and their respective membership interests, consisted of: Chapman (28.2317%); Robert M. Sullivan ("Sullivan") (10.0361%); Thomas Huggins ("Huggins") (10.7587%); Kenneth and Susan Payne, (1.0036%); Lawrence and Peggy Leonard (1.0036%); Danny Atkins (1.0036%); Paula L. Nachman (.301%); Cynthia Wynn McDevitt Childress (unidentified); and the Semple Family Limited Partnership (2.288%). Exhibit 2 of Debtor's Memorandum in Opposition to Committee's Motion to Dismiss, *In re Virginia Broadband, LLC*, No. 12-62535 (Bankr. W.D. Va. Nov. 5, 2012) ECF No. 234. Collectively, the group of members holds at least a 54.6263% interest in VABB.

3

157(b)(2). Although issues of state law are involved, the Court has the authority to adjudicate this matter as the issue before the Court stems from the bankruptcy itself. *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011).

## CONCLUSIONS OF LAW

The Committee's motion seeks dismissal of VABB's bankruptcy case under 11 U.S.C. § 1112(b). Section 1112(b)(1) provides that the Court shall dismiss or convert a case for cause, unless the appointment of a trustee would be in the best interests of creditors and the estate. In support of their motion, the Committee asserts that cause exists to dismiss the case solely because the filing was not authorized by a majority of VABB's Board.[4] Committee's Motion to Dismiss at ¶¶ 12 – 14, *Virginia Broadband,* No. 12-62535, ECF No. 204. According to the Committee, if the petition was not filed with valid authorization, then this Court has no choice but to dismiss the case. *Id*. at ¶ 20.

According to the Committee, VABB's bankruptcy petition was defective because, pursuant to Virginia law, Mr. Chapman lost any and all non-economic rights he had as a member of VABB when he filed for bankruptcy on August 23, 2012.[5] The Committee's logic is that if Chapman's vote is removed from consideration, then the August Consent and the October Consent do not contain a majority vote of VABB's membership and are of no effect. It follows that if the August and October Consents had no effect and Chapman held only economic rights in VABB, then the Board consisted of Manuel, Chang, and Smith on November 1, 2012. Therefore, the Committee concludes that the only individuals capable of legally authorizing a petition on behalf of VABB are Manuel, Chang, and Smith – none of whom approved the filing in this case.

---

[4]   The Committee cites no other grounds in support of its motion to dismiss.

[5]   The Committee has not asked the Court to address any issues involving VABB's operating agreement. The issue of validity addressed by the Court in this matter concerns only what rights Chapman had in VABB following the filing and subsequent dismissal of his personal bankruptcy case.

4

Virginia's Limited Liability Company Act provides: "Except as otherwise provided in the articles of organization or an operating agreement, a member is dissociated from a limited liability company upon the occurrence of … [t]he member's [b]ecoming a debtor in bankruptcy." VA. CODE ANN. § 13.1-1040.1(6)(a) (West 2013). Dissociation has the effect of transforming the member's interest into that of an assignee. VA. CODE ANN. § 13.1-1040.2(A) (West 2013). An assignee is entitled "to receive, to the extent assigned, only any share of profits and losses and distributions to which the assignor would be entitled," but is not entitled "to participate in the management and affairs of the limited liability company or to become or to exercise any rights of a member." VA. CODE ANN. § 13.1-1039(A) (West 2013). As such, if the Court considers only Virginia law, Chapman's bankruptcy filing would have resulted in his dissociation and, as such, his relegation to the status of an assignee. As an assignee, Chapman would not have been permitted to vote on the August Consent, the decision to remove Manuel from his various positions with the Board, the October Consent, or the decision to file bankruptcy on behalf of VABB. If Chapman's vote was removed, no majorities would exist, the transactions would have to be unwound, and the filing by Chapman and Sullivan would not have been valid.

The Court's analysis, however, does not end with Virginia law. Section 349 of the Bankruptcy Code dictates that upon dismissal, property of the estate revests in the entity in which such property was held immediately prior to the commencement of the case. 11 U.S.C. § 349(b)(3). The question for the Court to answer, therefore, is whether Chapman's non-economic interest in VABB was property of the estate and, as such, revested upon dismissal of his bankruptcy case. If Chapman's non-economic interest in VABB revested upon dismissal, then Chapman would have been entitled to vote in favor of the October Consent and serve on the Board. Taking these together, if Chapman's non-economic interest in VABB revested, then no

transactions would need to be unwound, and the filing of VABB's bankruptcy by Chapman and Sullivan would have been a valid act of the Board.

## Property of the Estate

A membership interest in a Virginia LLC is personal property. VA. CODE ANN. § 13.1-1038 (West 2013). Virginia's Limited Liability Company Act defines a membership interest in a LLC in economic terms: "a member's share of the profits and the losses of the limited liability company and the right to receive distributions of the limited liability company's assets." VA. CODE ANN. § 13.1-1002 (West 2013). A member of a LLC has certain non-economic rights in the LLC that are defined by section 13.1-1022 or the individual LLC's articles of organization or operating agreement.[6] Such rights include the right to vote on certain matters, including the right to elect and remove management. *See* VA. CODE ANN. §§ 13.1-1022(C) and (D) (West 2013). As such, the bundle of rights associated with a member's membership interest includes both economic and non-economic rights, even though only the economic rights are transferrable. *See* VA. CODE ANN. § 13.1-1038 (West 2013); *see also In re Garrison-Ashburn, L.C.*, 253 B.R. 700, 708 (Bankr. E.D. Va. 2000).

In general, property of the estate includes all legal and equitable interests a debtor has in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). As already addressed, a membership interest in a Virginia LLC is personal property that grants the member certain economic and non-economic property rights. Virginia law, however, attempts to strip a member of his non-economic rights upon the member's filing for bankruptcy.[7] VA. CODE ANN. § 13.1-

---

[6] The parties have not provided the Court with a copy of VABB's articles of organization or operating agreement. Furthermore, the parties have not suggested that VABB has deviated from section 13.1-1022, except to the extent that VABB is a manager-managed LLC, as opposed to a member-managed LLC.

[7] VA. CODE ANN. § 13.1-1040(A) outlines how a dissociated member can regain his/her non-economic rights. The Committee argues that because section 13.1-1040.1(6)(a) dissociated Chapman, the only way for him to regain his non-economic interest in VABB was to follow the procedures as outlined in section 13.1-1040(A).

6

1040.1(6)(a) (West). The question the Court must answer is whether, in the case of a LLC member filing bankruptcy, the non-economic rights held by the debtor become property of the estate despite Virginia law.

The Bankruptcy Code provides that an interest of the debtor in property becomes property of the estate notwithstanding any applicable non-bankruptcy law that affects a forfeiture, modification, or termination of a debtor's interest merely because the debtor filed bankruptcy.[8] 11 U.S.C. § 541(c)(1). Such provisions are termed "*ipso facto*" clauses and are not enforceable. *See Sheehan v. Warner (In re Warner),* 480 B.R. 641, 655 (Bankr. N.D.W.V. 2012)(discussing validity of *ipso facto* provisions). Regarding this case, Virginia Code section 13.1-1040.1(6)(a) is a provision of applicable non-bankruptcy law that affects a forfeiture, modification, or termination of a debtor-member's non-economic interest in a LLC by: 1) converting the debtor-member to an assignee; and 2) stripping him of everything but his economic rights merely because the debtor-member filed bankruptcy. The Bankruptcy Code addresses this consequence by invalidating enforcement of this particular provision. Pursuant to section 541(c)(1), Mr. Chapman's economic and non-economic interests in VABB were not forfeited, modified, or terminated merely because he filed bankruptcy, but rather became property of his estate.

The Committee argues that the case of *In re Garrison-Ashburn* supports its position that VA. CODE ANN. § 13.1-1040.1(6)(a) stripped Mr. Chapman of his right to participate in the management of VABB or exercise the rights of a member merely because he filed for

---

Chapman never followed those procedures and so, the Committee argues, Chapman's non-economic rights in VABB have never been restored. The Court need not address this issue. *See infra*.

[8] Although other sections of the Code also prohibit the use of *ipso facto* provisions, we need not consider their impact in this case because we are merely concerned with determining whether Chapman's non-economic interest in VABB became property of the estate. *Cf. In re Garrison-Ashburn,* 253 B.R. 700 (Bankr. E.D. Va. 2000) (considering section 365's *ipso facto* provision in light of a debtor-member's attempt to invoke certain non-economic rights in a LLC during the pendency of his personal bankruptcy proceeding).

bankruptcy, and that those rights have never been restored. The Court disagrees. *In re Garrison-Ashburn* involved the question of whether a debtor-member could invoke a provision of his Virginia LLC's operating agreement to prevent the LLC from selling property owned by the LLC. *Garrison-Ashburn,* 253 B.R. at 702. In particular, the debtor-member was a co-manager of the Virginia LLC. *Id.* The LLC's operating agreement required the debtor's signature to approve the sale of LLC property. *Id.* The court ultimately concluded that the debtor could not invoke the provision because the operating agreement was not an executory contract; therefore, the *ipso facto* prohibition under Bankruptcy Code section 365 did not apply in this context and did not invalidate VA. CODE ANN. § 13.1-1040.1(6)(a). *Id.* at 709. In coming to its conclusion, however, the court considered what interests of the debtor became property of the estate. The court found:

> Section 541(a) clearly encompasses all of [the debtor's] interest in Garrison-Woods, whatever that interest may be, whether economic or non-economic. Section 541(c) makes plain that no restriction on the transfer of any interest of a debtor – whether it arises from the operative documents themselves or from applicable nonbankruptcy law – prevents an interest from becoming property of the estate. [The debtor's] interest in Garrison-Woods, both his membership interest and his non-economic rights and privileges as a member, became property of the bankruptcy estate. All the rights and privileges [the debtor] had immediately prior to filing became property of his bankruptcy estate.

*Id.* at 708; *see also Warner*, 480 B.R. at 655 – 56 (holding that a debtor's prepetition economic and non-economic interests in a West Virginia LLC become property of the estate under section 541(c)(1) despite a comparable provision of West Virginia law). Although the court in *Garrison-Ashburn* was required to take additional steps to determine what rights in the LLC the debtor was entitled to invoke during the pendency of his bankruptcy case, we need not address that question at this time because it is not before us. We are only concerned with determining whether Chapman's non-economic interest in VABB became property of the estate. To that end, *In re Garrison-Ashburn* supports the Court's conclusion that section 541(c)(1) makes Chapman's non-

8

economic interest in VABB property of the estate notwithstanding VA. CODE ANN. § 13.1-1040.1(6)(a). *See In re Warner*, 480 B.R. at 655 – 56; *In re LaHood*, 437 B.R. 330, 336 (C.D. Ill. 2010). As stated previously, a membership interest in a Virginia LLC is personal property. As such, the membership interest is the property and any interest, whether economic or non-economic, in that property would become property of the estate under section 541(c)(1) despite Virginia law to the contrary. To say that 541(c)(1) makes the economic interest, but not the non-economic interest, property of the estate confuses the issue of what becomes property of the estate with what rights and powers the debtor has in that property upon the commencement of his bankruptcy case.[9] *See In re Garrison-Ashburn*, 253 B.R. at 708 ("Unless otherwise provided in the Bankruptcy Code, the rights and benefits [of property of the estate] were burdened with all of the duties and obligations that came with them. Consequently, unless precluded by § 365(c) or (e), [the debtor's] bankruptcy estate has only the rights of an assignee under § 13.1-1039."). This Court holds that VA. CODE ANN. § 13.1-1040.1(6)(a) is an *ipso facto* provision under section 541(c)(1)(B), and that Mr. Chapman's economic and non-economic interests in VABB became property of his bankruptcy estate.

---

[9] A recent Eastern District of Virginia bankruptcy court cited *Garrison-Ashburn*, but apparently reached a different conclusion than this Court. In the case of *Spain v. Williams (In re Williams),* the court wrestled with a request to wind up the affairs of a non-debtor LLC, whose only members were each in individual bankruptcy cases. *Spain v. Williams (In re Williams)* 455 B.R. 485, 502 (Bankr. E.D. Va. 2011). After quoting *In re Garrison-Ashburn*, the *In re Williams* court concluded that the debtor-member's non-economic interest in the LLC did not become property of his bankruptcy estate under section 541(c)(1), but that his economic interest did. *Id.* To the extent *In re Williams* stands for the proposition that VA. CODE ANN. § 13.1-1040.1(6)(a) prevents a debtor-member's non-economic interests in a Virginia LLC from becoming property of the estate despite section 541(c)(1), this Court disagrees. The *In re Williams* court, on one hand, concluded that section 541(c) was broad enough to encompass a member's economic interest in a LLC, but on the other hand, not broad enough to encompass non-economic rights. *See id.* This parsing of interests is not supported by *In re Garrison-Ashburn* or section 541. The Court recognizes the unique circumstances facing the court in *In re Williams*, and to the extent possible, would confine its holding to those facts.

**Revesting of Property of the Estate**

The Bankruptcy Code provides for the revesting of property upon dismissal if such property is not otherwise dealt with or administered during the case. Bankruptcy Code Section 349(b)(3) provides that the dismissal of a bankruptcy case revests property of the estate in the entity in which the property was held prior to the filing of the case. 11 U.S.C. § 349(b)(3). The purpose of 349(b) is "to undo the bankruptcy case, as far as practicable, and *to restore all property rights to the position in which they were found at the commencement of the case*." H.R.REP. NO. 95-595 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6294 (emphasis added). *See also In re Adams*, 203 B.R. 240, 242 (Bankr. E.D. Va. 1996); *In re Lampkin*, 116 B.R. 450, 452 (Bankr. D. Md 1990).

In this case, Chapman held certain economic and non-economic interests in VABB as a member of VABB prior to the commencement of his bankruptcy estate. Upon filing for bankruptcy, those interests became property of the estate under section 541(c)(1). Chapman's individual bankruptcy case was dismissed on September 12, 2012, twenty days after filing his petition. Pursuant to section 349(b)(3), dismissal of Mr. Chapman's case caused the property of his bankruptcy estate, including all interests in property, to revest. As property of the estate, Chapman's economic and non-economic interests in VABB revested when his case was dismissed. Therefore, as of September 12, 2012, Chapman's interest in VABB was restored to the same interest he held prior to the commencement of his case.

## CONCLUSION

The Committee's motion to dismiss is denied. The Committee's motion to dismiss rests entirely on the allegedly flawed authorization for the petition due to a member's individual bankruptcy filing. That member's economic and non-economic interest in VABB became

property of his estate under section 541(c)(1) despite VA. CODE ANN. § 13.1-1040.1(6)(a) and revested in him upon the dismissal of his case pursuant to Bankruptcy Code section 349(b)(3). As of September 12, 2012, Mr. Chapman had all the rights and interests in VABB that he held prior to the filing of his individual bankruptcy case on August 23, 2012, including the right to vote as a member of VABB and serve as a manager on the Board. Therefore, Chapman's vote in favor of the October Consent was valid and helped to form a majority coalition ratifying the August Consent and any action taken by the Board in reliance on such. In taking such action, the October Consent had the effect of ratifying the removal of Chang and Smith from the Board and appointing Sullivan and Huggins to the Board. After Huggins subsequent resignation, the Board consisted of Sullivan, Manuel, and Chapman. On November 1, 2012, Sullivan and Chapman, forming a majority coalition of the Board, validly authorized a petition for chapter 11 relief on behalf of VABB. As such, no cause exists to find that the filing by VABB was invalid. The Committee's motion is denied. The Court will issue a separate order consistent with this memorandum opinion.

Date: September 9, 2013

Rebecca B. Connelly
U. S. Bankruptcy Judge

11